*57
The opinion of the Court was delivered by

Mr. 'Justice Johnson.

The effect of the verdict in this case, so far as the damages are concerned, is to divide the costs between the parties; and it is obvious that the first ground of the motion is founded upon the assumption of the fact, that the damages actually sustained amounted to more than a sufficient sum to carry the costs.
In actions Sounding altogether in damages, the general rule is, that this court will not interfere, on account of the excess or deficiency of the damages; except indeed, in those cases where they are so inconsiderable or so great, as to excite a belief that a jury has acted under an improper influence. I think a different rule ought to prevail, when a specific injury has been sustained, the extent of which can be precisely ascertained; as for instance, in trespass for destroying a building, the cost of which is clearly proved; then I think, generally, the jury would have no more power to find a less sum than the injury actually amounted to, than they would to find a part of a debt which the plaintiff claimed and proved. But'this rule, like all others, must admit of exceptions; and would not probably apply to a case where a trespass was committed under such circumstances bf mitigation, or provocation, on the part of the plaintiff, as bordered on a justification; -or, as more strictly applicable to this case, when the quantum of damages testified to by the witness, grew out of calculations made on circumstances of which the jury would be as competent to judge as himself.
In this case, the quantum of damages depended on the extent of the positive injury sustained. What it amounted to, was a mere matter of opinion with the witness, growing, out of circumstances upon which the jury were as competent to express an opinion, as himself; and notwithstanding the inclination of my own mind is in accordance with the opinion of the witness, Í am not prepared to say that the jury have nóit acted within the rule, and therefore within their legitimate powers.
There is also another motive for coming to this conclusion. This is the second trial of this case; and on the former trial, although the jury found the land in dispute for the plaintiff, they refused to give any damages. The court has no power to award íhem; and the sple object of sending it back, would be to charge *58 a jury-to'try1 the..question, whether the plaintiff or defendant • shoidd pay the costs.; It is a subject over which it has no power} and to send it back, would be to indulge the parties in an idle speculation, calculated to obstruct the administration of justice • and to annoy the court.
'The second ground assumes the position, that the verdict In this case is uncertain;.; in-as much as it does not express in terms} the precise-boundaries of'the land found far the plaintiff; ■and that therefore, a judgment cannot be entered up for it.
The plaintiff claimed under a grant to William Greenland, for three hundred acres, dated in 1749; and the defendant, un~ . ñer a. grant to John Pettcnger, dated in 1747. The grant un— :der which Plaintiff claimed, called for that under which the defendant claimed, as a boundary;- and the whole case resolved itself into the inquiry where this boundary was' to be located. The proceedings ought. and- I -presume, do point out, the metes and bounds of .thedaiid -claimed by the plaintiff; and the: effect of the finding is to give Mm all the land claimed, tuiless if js controlled by the line ascertained by the verdict; which is as distinctly pointed put as could be done from the facts before the -jtiry; and appears to me as certain as the thing was capable of; .and if the. plaintiff’s claim does not cover it, he has no right to -complain. If it went beyond, -he is bound by it, and can ask no more.: I cannot therefore, .see.the uncertainty of which the.plain..tiff complains.
tit is-of some importance that this-case should be put to rest, and there can heno doubt'about what the jury intended by the verdict; and if it should -be thought necessary, to enable the plaintiff to enter up his judgment, there can he no good reason why it should not "be so amended as to effectuate the intention oftbejpry.
JVott, Richardson, and Gantt, Justices concurred. — I.dis-v seat, Coicodc.